**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITH A. ORR,
                    Appellant,

            v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
SF-0752-16-0273-I-1

DATE: January 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lesa L. Donnelly, Anderson, California, for the appellant.

Marcus Mitchell, Albuquerque, New Mexico, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction.   Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]   A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.   Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.   In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.   *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to vacate the administrative judge's findings concerning the merits of the appellant's discrimination and retaliation claims and to address such claims only insofar as they relate to the issue of voluntariness, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was formerly employed by the agency as a Supervisory Forestry Technician until he resigned, effective May 16, 2015. Initial Appeal File (IAF), Tab 14 at 8. He filed a Board appeal alleging that his resignation was involuntary due to intolerable working conditions. IAF, Tab 1 at 4, 6. In particular, he alleged that beginning in July 2013, management erroneously believed that he was unfit for duty following his heart attack and temporarily reassigned him pending an inquiry regarding his fitness for duty. IAF, Tab 17 at 4. Management also required him to take a physical examination and a work capacity test and issued him a letter of reprimand for failing to timely comply with these instructions. *Id.* at 4-5.

¶3 The appellant also alleged that he was subjected to a hostile work environment when management permanently moved Engine 53's official duty station from Big Bend, California to his station (Engine 52) in Redding,

California. *Id.* at 5. The appellant alleged that Engine 53 was given assignments that should have been given to Engine 52 and that Engine 53 personnel caused problems, engaged in misconduct, and created a hostile work environment for him and his personnel. *Id.* at 5-6. Following an investigation into his reports regarding the working conditions, on May 16, 2015, he received a letter of instruction. *Id.* at 6, 8. Finally, he alleged that from February to March 17, 2015, his access to the Engine 52 fire cache[2] was removed. *Id.* at 7. He contended that the agency's actions were due both to discrimination based on its perception of him as disabled and retaliation. IAF, Tab 1 at 6, Tab 17 at 5.

¶4      The administrative judge determined that the appellant had made nonfrivolous allegations of an involuntary resignation sufficient to warrant a hearing. IAF, Tab 19. After holding a hearing, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction. IAF, Tab 35, Initial Decision (ID). She found that the appellant failed to prove by preponderant evidence that the agency rendered his working conditions so intolerable that a reasonable person would have felt compelled to resign. ID at 14. The administrative judge found that the agency's inquiry into the appellant's fitness for duty was motivated by a legitimate concern that a frontline Engine Captain be suitably fit to perform. ID at 8-10. She also found that the appellant's claims that he was marginalized from performing his job duties because of the presence of Engine 53 at his station, the consolidation of the fire cache for the entire district, and the March 28, 2015 letter of instruction failed to render his working conditions so intolerable that a reasonable person would have felt compelled to resign. ID at 12-14.

---

[2] The fire cache is a supply of fire tools and equipment. IAF, Tab 1 at 22.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-2.[3] The agency has opposed the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). In cases such as this one, where the employee alleges that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary resignation, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Id.* If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.4(s).

¶7 We agree with the administrative judge's finding that the appellant did not prove by preponderant evidence that his resignation was involuntary and, thus, an action within the Board's jurisdiction. First, we agree with the administrative judge that the agency's inquiry into the appellant's physical fitness would not

---

[3] On November 11, 2016, the appellant electronically filed two separate pleadings, both of which are identified as his petition for review. We have considered both pleadings.

have caused a reasonable person to resign on May 15, 2015, over a year after having been reinstated on April 3, 2014, following the inquiry. ID at 10.

¶8    Second, we also agree with the administrative judge that the appellant's claims regarding being subjected to a hostile work environment following Engine 53's move into the station fail to establish that his resignation was involuntary. In a sworn declaration submitted during the agency's investigation of his claims, the appellant indicated that the problems involved, among other things, conflicting management styles and Engine 53 failing to assist with cleaning, station maintenance and dealing with equipment, and using their supplies without returning them. IAF, Tab 20 at 82-86.

¶9    The administrative judge found that the appellant had strong negative feelings about the decision to have Engine 53 at his station, was concerned with where the Engine 53 employees parked their fire truck and how they maintained the station, and accused them of taking Engine 52's calls and being lazy. ID at 13. We agree with the administrative judge that such claims fail to amount to a hostile work environment sufficient to establish that the appellant was compelled to resign. *See, e.g.*, *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (explaining that an employee is not guaranteed a working environment free of stress and that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign).

¶10    We similarly agree with the administrative judge that the appellant's receipt of the letter of instruction would not warrant a reasonable person to conclude that he had no other choice but to resign. ID at 13. Following an investigation into the working conditions, the agency issued letters of instruction to the appellant and several other individuals concerning their behavior. IAF, Tab 11 at 15-17, Tab 20 at 10-14.. We also find that the appellant has failed to establish that the agency subjected him to working conditions that would have compelled a reasonable person to resign even considering the cumulative effect of the

allegedly harassing incidents cited by the appellant.  *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004).

¶11    The administrative judge also considered, but rejected, the appellant's claims that the agency's actions were due to discrimination and retaliation.  ID at 10-12.  She found that the inquiry into the appellant's physical fitness was not motivated by discriminatory animus.  ID at 10.  She also considered the appellant's contention that the agency issued him the letter of instruction and removed his access to the fire cache in retaliation for his filing an equal employment opportunity (EEO) complaint in 2013, but found that the appellant failed to prove such a claim.  ID at 10-12.  In particular, she found that management had little contact with EEO personnel during the processing of the appellant's informal complaint and the fact that the agency frequently mentioned the appellant's EEO complaint in correspondence was not direct evidence of retaliation and did not comprise a "convincing mosaic" of circumstantial evidence.  ID at 10-11.

¶12    On review, the appellant disputes these findings and contends that he was entitled to rely on circumstantial evidence to prove his claims.  PFR File, Tab 2 at 5-10.  In an involuntary resignation appeal, however, the Board considers allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.  *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001).  To the extent the administrative judge found that the appellant failed to prove that the agency discriminated against him or retaliated against him for his prior EEO activity, the Board lacks jurisdiction to consider such claims in the context of this appeal, and we vacate such findings.  Nonetheless, any error does not provide a basis for reversal because, while the appellant alleged discrimination and reprisal, he failed to establish that the working conditions preceding his resignation were so difficult or intolerable that a reasonable person would have felt they had no choice but to retire.  *See Panter*

*v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶13    On review, the appellant reiterates the contentions he raised below. His mere disagreement with the administrative judge's findings does establish a basis for reversal. *See, e.g.*, *Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](), 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](), 359 (1987) (same). Further, despite the appellant's arguments to the contrary, we find that the administrative judge did not fail to consider material evidence or ignore the appellant's allegations in making her decision to dismiss the appeal for lack of jurisdiction. *See Marques v. Department of Health & Human Services*, [22 M.S.P.R. 129](), 132 (1984) (stating that the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant's remaining arguments do not provide a basis for reversal.

¶14    On review, the appellant contends generally that the administrative judge failed to consider that testimony by agency officials contradicted their prior sworn testimony. PFR File, Tab 1 at 12. However, he fails to identify the specific testimony to which he is referring. Thus, the Board will not embark upon a complete review of the record to try and address this argument. *See Baney v. Department of Justice*, [109 M.S.P.R. 242](), ¶ 7 (2008); *Tines v. Department of the Air Force*, [56 M.S.P.R. 90](), 92 (1992); [5 C.F.R. § 1201.115]().

¶15    The appellant also argues that the facts of his case are analogous to those in *Middleton v. Department of Defense*, [185 F.3d 1374]() (Fed. Cir. 1999), in which the court found that the appellant raised nonfrivolous allegations that his retirement was involuntary, entitling him to a hearing. PFR File, Tab 1 at 13-14.

Here, however, the administrative judge found that the appellant raised nonfrivolous allegations and afforded him a hearing, but found he failed to meet his burden of proving by preponderant evidence that his resignation was involuntary. Thus, this case is distinguishable from the court's decision in *Middleton*.

¶16 Finally, we find unavailing the appellant's arguments that the administrative judge failed to take into account his 28 years of Federal service, lack of any discipline prior to his heart surgery, and lack of performance issues. PFR File, Tab 2 at 14. Such arguments are not relevant to the issue of whether the appellant's working conditions were so intolerable that a reasonable person would have felt compelled to resign.

¶17 Based on the foregoing, we affirm, as modified, the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.